PEARSON v. UNCLE SAM MFG. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1926.)

No. 4625.

1. Patents ⬦129.

Assignor of patent, or of interest therein, is estopped, as against one claiming under assignment, to deny validity of patent.

2. Patents ⬦328.

Patent 1,460,695, for apparatus for lubricating, cleaning, painting, and removing paint from automobiles, *held* infringed.

3. Patents ⬦167(1).

Claim may be explained and clarified, but not expanded, by specifications or drawings.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Patent infringement suit by the Uncle Sam Manufacturing Company and others against W. F. Pearson and another. Decree for plaintiffs, and defendant Pearson appeals. Affirmed.

S. P. Sadler, of Dallas, Tex. (Burgess, Burgess, Sadler, Chrestman & Brundidge and M. N. Chrestman, all of Dallas, Tex., on the brief), for appellant.

C. F. Greenwood and Currie McCutcheon, both of Dallas, Tex. (J. M. Terrell, of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit for infringement of patent No. 1,460,695, de-

signed principally for lubricating, cleaning, painting, and removing old paint from automobiles. The ideas of the inventor, as set forth in the claims of the patent, were to vaporize the desired ingredient, such as liquid soap, paint, or alkali, mix it with steam, so that it would be held in suspension, and then spray it on automobiles. One of the claims is for two receptacles for ingredients, a heating means, connecting pipes.and valves, all so arranged as that "steam generated in the heating means and fluid from the second-named receptacle may be conjointly or independently caused to commingle with the fluid from the first-named receptacle."

The apparatus was designed by Frank A. Bannon. He applied for a patent, but, pending his application, assigned the claim and all interest therein, and patent was issued to his assignees, and appellees succeeded to his rights by mesne assignments. Appellee also procured an assignment, for a valuable consideration, from appellant, Pearson, who claimed that he had acquired some interest in the invention from Bannon. Notwithstanding the assignment of whatever interests they had, the appellant and Bannon continued to manufacture and sell a device which the trial court held infringed the patent. The decree awarded damages to appellees in an amount which had been agreed upon by the parties.

Pearson alone appeals. He contends that the patent was for a mere aggregation of old parts, and therefore invalid; that infringement was not shown by the evidence; and that, there being no infringement, and no diversity of citizenship, a federal court is without jurisdiction to award damages which might be recovered in a state court for breach of contract.

[1] The assignor of a patent is estopped, as against one claiming under an assignment from him, to deny the validity of the patent when sued for an infringement. Babcock v. Clarkson, 63 F. 607, 11 C. C. A. 351; Walker on Patents, § 469. Appellant, as well as Bannon, was estopped, for he, too, assigned to appellees an interest which he claimed in the invention. It is conceded that the alleged infringing device is practically the same as that manufactured by appellees under the patent. It is also conceded that the device manufactured by appellant and Bannon does not differ in any essential particular from the drawings described in the specifications of the patent in suit.

[2] Appellant's contention to sustain his claim of noninfringement is that the claims of the patent were so changed as not to include the device illustrated by the drawings, in that the appliance covered by the patent requires the ingredients to pass through the heating element, whereas the appliance which he and Bannon sold is so arranged that the liquid from the receptacle is injected into a steam pipe after the steam leaves the heating element. We think the contention is without merit. The claim quoted from above does not require the ingredient to pass through the heating means, and is broad enough to include the means used by appellant and Bannon.

[3] The specifications and the drawings, while they cannot expand the claim, may explain it and make its meaning clear. Our conclusion is that infringement of the patent. whose validity appellant cannot deny, was shown. It therefore becomes immaterial to consider whether this suit could be maintained if there were no infringement.

The decree is affirmed.